IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY HILL, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-15-00065 |
| STATE FARM FIRE AND CASUALTY COMPANY | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This *pro se* action arises out of a fire that occurred on July 23, 2010, at the residence of Plaintiffs Anthony and Florence Hill ("Plaintiffs" or "the Hills") located at 153 North Kenwood Avenue in Baltimore, Maryland ("the Property"). At the time of the fire, Plaintiffs possessed a homeowners' insurance policy with State Farm Fire and Casualty Company ("Defendant" or "State Farm"). After investigating the circumstances giving rise to the fire, Defendant denied coverage due to its conclusion that the Hills intentionally started the fire. In fact, Mr. Anthony Hill was subsequently convicted in a jury trial before the Circuit Court for Baltimore City, Maryland for arson and insurance fraud related to the fire.[1] Nevertheless, the Hills filed the present civil action in the Circuit Court for Baltimore City seeking insurance coverage, and State Farm timely removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

---

[1] The Maryland Court of Special Appeals affirmed Mr. Hill's conviction on July 2, 2014. *See* Def.'s Mot. to Dismiss Ex. 4, ECF No. 11-5 (*Anthony Hill v. State of Maryland*, No. 0987/12 (Md. Ct. Spec. App. Jul. 2, 2014)).

Currently pending is Defendant's Motion to Dismiss (ECF No. 11). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 11) is GRANTED and this case is DISMISSED WITH PREJUDICE.

<u>BACKGROUND</u>

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

The Hills entered into a contract ("the Policy") with State Farm for homeowners insurance on October 26, 2009. Compl. ¶ 6, ECF No. 4. The Policy covered up to $162,000 for the "dwelling," $16,280 for the "dwelling extension," and $122,100 for "loss of use." *Id.* On July 23, 2010, a fire occurred at the Hills' residence (the "fire"). *Id.* ¶ 2. The Hills filed a claim with State Farm and received coverage payments for living expenses and advances during the six months following the fire. *Id.* State Farm ultimately denied coverage on January 19, 2011, explaining that "it has been determined that this fire was intentionally set

by an insured."[2] Def.'s Mot. to Dismiss Ex. 2, ECF No. 11-3 (Letter Denying Coverage). Subsequently, Anthony Hill was convicted in the Circuit Court for Baltimore City, Maryland on May 17, 2012 for arson and insurance fraud stemming from the fire. Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss Ex. 3, ECF No. 15-3 (Mr. Hill's petition for post-conviction relief). The Maryland Court of Special Appeals subsequently affirmed Mr. Hill's conviction on July 2, 2014. *Id.*; *see also Anthony Hill v. State of Maryland*, No. 0987/12 (Md. Ct. Spec. App. Jul. 2, 2014).

On August 15, 2013, the Hills filed a "Request for Waiver of Prepayment of the Filing Fee" in the Circuit Court of Baltimore City. Mot. for Waiver of Prepayment of Filing Fee, ECF No. 2. The Circuit Court dismissed the request on September 12, 2014 as frivolous or for failure to attach a complaint. Order Denying Motion Request for Waiver of Prepayment of Filing Fee, ECF No. 3. The Hills did not attach a complaint to that motion, instead including only a letter from State Farm denying coverage and excerpts from the Maryland Court of Special Appeals opinion. *See* Mot. for Waiver of Prepayment of Filing Fee.

Ultimately, the Hills filed what was docketed as an "Amended Complaint" on December 3, 2014 in the Circuit Court for Baltimore City – almost four years after State

---

[2] In general, a court's consideration of materials not included in a plaintiff's complaint will transform the motion to dismiss into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). Yet, a court may consider documents attached to a defendant's motion to dismiss if the documents were "integral to and explicitly relied on in the complaint and if the plaintiff[] do[es] not challenge [their] authenticity." *Pasternak & Fidis, P.C. v. Recall Total Information Management, Inc.*, --- F. Supp. 3d ----, 2015 WL 1405395, *4 (D. Md. Mar. 25, 2015) (quoting *Tucker v. Specialized Loan Servicing, LLC*, --- F. Supp. 3d ----, 2015 WL 452285, *8 (D. Md. Feb. 3, 2015)). Plaintiffs' Complaint explicitly refers to their insurance policy, Defendant's letters denying coverage, and the state criminal proceedings related to the fire at their residence. *See generally* Compl. Further, Plaintiffs do not challenge the authenticity of Defendant's exhibits. The Hills' Complaint omits most of the facts underlying the present action, thus this Court will consider the materials attached to State Farm's Motion to Dismiss without transforming the pending Motion into a motion for summary judgment.

Farm had denied coverage. *See* Notice of Removal Attach. 2, ECF No. 1-2 (State Court Docket Sheet).[3] Although the Hills dated the filing for January 21, 2014, it is undisputed that they did not file it in the Circuit Court until December 3, 2014. *Compare* Compl. *with* Notice of Removal Attach. 2, at 2 (State Court Docket Sheet). Plaintiffs delivered a summons and a copy of the Complaint to the Maryland Insurance Administration on December 9, 2014, which forwarded both documents to State Farm on December 12, 2014. Notice of Removal, at 2. State Farm timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See id.* Upon removal, the Clerk of this Court docketed the "Amended Complaint" as the "Complaint," given the absence of any prior complaint. The Hills allege they are not responsible for the fire at their residence, thus State Farm breached the insurance contract. They seek $500,000 in compensatory damages, punitive damages, prejudgment interest, and other unspecified compensation.

STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests

---

[3] Plaintiffs labeled this filing as both a "Motion for Reconsideration" and a "Complaint" related to the Circuit Court's dismissal of their Request for Waiver of Prepayment of Filing Fee in September 2014. *See generally* Compl. The Circuit Court clerk docketed this filing as an "Amended Complaint," even though the Hills had never filed an original complaint. *See* Notice of Removal, 1-2, ECF No. 1; *see also* Notice of Removal Attach. 2. This document is the first "Complaint" filed by the Hills in the present action, and was labeled a "Complaint," and not an "Amended Complaint," after removal to this Court .

surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).

<u>DISCUSSION</u>

In moving to dismiss the subject Complaint, State Farm contends that the Hills filed this action well after the expiration of the applicable statute of limitations. Maryland law requires that a "civil action at law shall be filed within three years from the date it accrues unless another provision of the [Maryland] Code provides a different period of time within

which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. § 5-101. This general three-year statute of limitations applies to claims for breach of an insurance contract. *See, e.g.*, *St. Paul Travelers v. Millstone*, 987 A.2d 116, 120-21 (Md. 2010) (quoting Md. Code Ann., Ins. § 12-104) (explaining that a provision in an insurance contract that shortens the three-year limitations period applied to insurance contract breaches is "against state policy, illegal, and void").

Maryland courts "strictly construe" the statute of limitations under Md. Code Ann., Cts. & Jud. Proc. § 5-101, and thus do not favor the inclusion of exceptions. *Resolution Trust Corp. v. Hecht*, 833 F. Supp. 529, 532 (D. Md. 1993) (citing *Walko Corp. v. Burger Chef Systems*, 378 A.2d 1100, 1101-02 (Md. 1977)). For breach of contract claims, the statutory period accrues when the contract in question is breached, and when the "breach was or should have been discovered." *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1104 (Md. 1999) (internal citations omitted). In other words, a plaintiff must file his civil action within three years of the date on which he discovered, or reasonably should have discovered, the breach. To begin that civil action, the plaintiff files a complaint in the applicable court.[4] Fed. R. Civ. P. 3

In this case, State Farm allegedly breached the insurance contract on January 19, 2011, when it informed the Hills that it would deny coverage for any losses stemming from the fire.[5] To avoid running afoul of the three-year statute of limitations, the Hills were

---

[4] A federal court sitting in diversity under 28 U.S.C. § 1332 applies state substantive law, *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), but federal procedural rules, *Hanna v. Plummer*, 380 U.S. 460 (1965). This Court thus applies Rule 3 of the Federal Rules of Civil Procedure to determine when an action commences, but notes that the federal and Maryland rules are nearly identical. *Compare* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.") *with* Md. R. 2-101(a) "A civil action is commenced by filing a complaint with a court.").

[5] The Hills claim that the breach did not occur until February 7, 2011, when they received a letter from State Farm denying any "coverage to [the Hills] for defense or indemnity" for claims arising from the fire. Pl.'s

required to file the present action before or on January 19, 2014. Yet, they did not file the subject Complaint until December 3, 2014, nearly eleven months after the expiration of the statutory period. Their August 15, 2013 filing—the Request for Waiver of Prepayment of the Filing Fee—cannot be construed as a complaint, as the document listed no cause of action, no defendants, or any other pertinent information. Plaintiffs did not attach an actual complaint to their request until December 3, 2014. This simply does not comply with Rule 3 of the Federal Rules of Civil Procedure. Due to this clear failure to comply with the Maryland state statute of limitations under Section 5-101, this breach of contract claim is time-barred. Accordingly, Plaintiffs' claim is DISMISSED WITH PREJUDICE.

CONCLUSION

For the reasons stated above, Defendant State Farm's Motion to Dismiss (ECF No. 11) is GRANTED and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated:  August 24, 2015                          /s/

                                    Richard D. Bennett
                                    United States District Judge

---

Resp. Attach. 1, ECF No. 15-1. By its very language, this letter denies third-party coverage, not coverage for any losses sustained by the Hills. State Farm had informed the Hills of the denial of the latter coverage on January 19, 2011. Def.'s Mot. to Dismiss Ex. 2. As the limitations period does not accrue at the latest communication from the breaching party, but rather at the moment of breach and discovery. In this case, the Hills' limitations period began to run on January 19, 2011.